E-FILED
Thursday, 29 March, 2018 02:29:21 PM
Clerk, U.S. District Court, ILCD

✎AO 245D   (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

| Central | District of | Illinois |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For **Revocation** of Probation or Supervised Release) |
| MILTON E. LACY | |

Case Number:   03-30115-001

USM Number:   14160-026

Douglas J. Quivey
_____
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   MC _____ of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1D(5) | Possession of Weapon by Felon | 5/21/2013 |

The defendant is sentenced as provided in pages 2 through   **4**   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant is not adjudicated guilty of violations 1A, 1B, 1C, 1D(1), 1D(2), 1D(3), and 1D(4).

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   5722

Defendant's Year of Birth:   1982

City and State of Defendant's Residence:

Springfield, Illinois

3/28/2018
_____
Date of Imposition of Judgment

**s/ Sue E. Myerscough**

_____
Signature of Judge

SUE E. MYERSCOUGH,    U.S. DISTRICT JUDGE
_____
Name of Judge                         Title of Judge

3/29/18
_____
Date

**FILED**

MAR 2 9 2018

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 245D    (Rev. 12/03 Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

Judgment — Page __2__ of __4__

DEFENDANT: MILTON E. LACY
CASE NUMBER: 03-30115-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

Time served (1 day).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.   on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
          Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___4___

DEFENDANT:  MILTON E. LACY
CASE NUMBER: 03-30115-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

### 5 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
     ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
     The defendant must comply with the following conditions:

## CONDITIONS OF SUPERVISION

1.  The defendant shall not knowingly leave the judicial district in which he is approved to reside without the permission of the Court or probation officer, who shall grant permission unless the travel would significantly hinder his rehabilitation.

2.  The defendant shall report to the probation officer in a reasonable manner and frequency as directed by the Court or probation officer.

3.  The defendant shall follow the instructions of the probation officer as they relate to his conditions of supervision.  He shall answer truthfully the questions of the probation officer as they relate to his conditions of supervision, subject to his right against self-incrimination.

4.  The defendant shall notify the probation officer at least ten days prior to, or as soon as he knows about, any changes in residence or any time he leaves a job or accepts a job.

5.  The defendant shall permit a probation officer to visit him at home between the hours of 6 a.m. and 11 p.m., at his place of employment while he is working, or at the locations of his court-ordered treatment providers.  Visits may be conducted at any time if the probation officer has reasonable suspicion to believe that he is in violation of a condition of supervised release or if he or a third party has reported that he is unable to comply with a directive of the probation officer because of illness or emergency.  During any such visit the defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
           Sheet 3A — Supervised Release

DEFENDANT: MILTON E. LACY                                    Judgment—Page __4__ of __4__
CASE NUMBER: 03-30115-001

## ADDITIONAL SUPERVISED RELEASE TERMS

6. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition does not prevent him from invoking his Fifth Amendment right against self-incrimination.

7. The defendant shall not knowingly be present at places where he knows controlled substances are illegally sold, used, distributed, or administered.

8. The defendant shall not meet, communicate, or otherwise interact with any person whom he knows to be a convicted felon or to be engaged in, or planning to engage in, criminal activity, unless granted permission to do so by the probation officer.

9. The defendant shall not knowingly possess a firearm, ammunition, destructive device as defined in 18 U.S.C. § 921(a)(4), or any object that he intends to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

10. The defendant shall make a meaningful attempt to secure lawful and regular employment, defined as a monthly average of at least 30 hours per week, unless excused by the probation office for schooling, training, or other acceptable reason, such as child care, elder care, disability, age, or serious health condition.

11. The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or psychoactive substance that impairs physical or mental functioning, or any paraphernalia related to any controlled substance or psychoactive substance, except as prescribed by a physician. He shall, at the direction of the U.S. Probation Office, participate in a program for substance abuse treatment including not more than six tests per month to determine whether he has used controlled or psychoactive substances. The defendant shall abide by the rules of the treatment provider. He shall pay for these services, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the court's review upon request. The defendant shall not be deemed financially able to pay if, at the time he begins receiving substance abuse treatment, he would qualify for court-appointed counsel under the Criminal Justice Act. He shall be subject to this condition until such time as the U.S. Probation Office determines that drug abuse treatment and drug testing no longer assist him to avoid committing further crimes.

12. The defendant shall serve 6 months in home confinement during his term of supervision. The home confinement will start as soon as possible after his supervision term begins. The defendant shall be monitored by radio frequency monitoring technology and shall abide by all technology requirements.

13. The defendant shall sign the rules of home confinement/location monitoring and comply with the conditions of home confinement. During this time, he will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by the U.S. Probation Office or in the event of a medical emergency. The defendant shall wear a location monitoring device. He shall pay for this program, to the extent he is financially able to pay. The U.S. Probation Office shall determine his ability to pay and any schedule for payment, subject to the Court's review upon request. The defendant shall not be deemed financially able to pay if, at the time he begins his period of home confinement, he would qualify for court-appointed counsel under the Criminal Justice Act.